IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JIMMY RAYMOND BLOW,                                1:07-CV-01355-AWI-GSA-PC

      Plaintiff,

      vs.                                                                 ORDER TRANSFERRING CASE

BUREAU OF PRISONS, et al.,

      Defendants.

_____/

      Plaintiff Jimmy Raymond Blow ("plaintiff"), a federal prisoner proceeding pro se and in forma pauperis,[1] filed a civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971) on September 17, 2007. On November 9, 2007, plaintiff filed an amended complaint.

      The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

---

[1] The court granted plaintiff's application to proceed in forma pauperis on September 28, 2007.

1

In his amended complaint, plaintiff alleges violations of his civil rights by defendants. A substantial part of the alleged violations took place at USP Beaumont, located in Jefferson County, Texas, which is part of the Beaumont Division of the United States District Court for the Eastern District of Texas. Plaintiff names L. Weston, Lt. Skinner, G. Maldonado, Jr, unknown BOP officials, and unknown BOP officers as defendants. Defendant Maldonado, a regional director, is found in this district. However, the other known defendants are employees at USP Beaumont in the Eastern District of Texas. It is clear that the center of gravity of this case is at USP Beaumont in the Eastern District of Texas, and that any relationship with this district is minimal. In the interest of justice, a federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974). Based on the foregoing, the case will be transferred to the Beaumont Division of the Eastern District of Texas.

Good cause appearing: IT IS HEREBY ORDERED that this action is transferred to the Beaumont Division of the United States District Court for the Eastern District of Texas, at:

> United States District Court
> Eastern District of Texas
> Jack Brooks Federal Building
> 300 Willow Street
> Beaumont, Texas 77701

IT IS SO ORDERED.

Dated:   **November 14, 2007**          **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE

2