1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    EASTERN DISTRICT OF CALIFORNIA

10

11   JIMMY RAYMOND BLOW,                    )        1:07-cv-01355-AWI-GSA-PC
                                            )
12            Plaintiff,                    )        ORDER DENYING PLAINTIFF'S
                                            )        RENEWED MOTION TO SEAL
13       vs.                                )        (Doc. 39.)
                                            )
14   BUREAU OF PRISONS, et al.,             )
                                            )
15            Defendants.                   )
     _____)
16

17   **I.      BACKGROUND**

18          Jimmy Raymond Blow ("Plaintiff") is a federal prisoner proceeding pro se and in forma pauperis

19   with this civil rights action filed pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971).

20   Plaintiff filed the complaint commencing this action on September 17, 2007. (Doc. 1.)  On November

21   9, 2007, Plaintiff filed an amended complaint. (Doc. 22.)  On November 16, 2007, this action was

22   transferred to the United States District Court for the Eastern District of Texas, and the case at this court

23   was closed. (Doc. 24.)

24          On March 23, 2009, Plaintiff filed a motion to seal this case. (Doc. 37.)  On March 30, 2009,

25   the court issued an order denying Plaintiff's motion, without prejudice. (Doc. 38.)  On April 24, 2009,

26   Plaintiff renewed the motion to seal. (Doc. 39.)

27   ///

28                                              1

**II. MOTION TO SEAL**

Plaintiff requests the court to seal this entire case from public view, arguing that public access to documents in this action will enable other inmates to use the information against him to threaten his life. Plaintiff contends that his public case records can be reviewed at the Bureau of Prisons and also accessed through the "Nexus-Lexus" system.[1] Plaintiff explains that he named specific gang members in his case documents, and if gangs find out he requested protective custody and named other inmates, they will say he worked with the government and his life will be in danger.

Based on common law and First Amendment grounds, the public normally has the right to inspect and copy documents filed with the court. See Nixon v. Warner Comm., Inc.,435 U.S. 589, 597-98 (1978); Globe Newspaper v. Superior Court for Norfolk County, 457 U.S. 596, 603 (1982); Phillips ex rel. Estates of Byrd v. General Motors Corp., 307 F.3d 1206, 1212 (9th Cir. 2002). The court does not seal cases from public view without good cause. When deciding whether to seal case documents, courts should consider "the interests advanced by the parties in light of the public interest and the duty of the courts." Hagestad v. Tragesser,49 F.3d 1430, 1433-1434 (9th Cir. 1995). Id. at 1434 (*quoting* Nixon,435 U.S. at 602) After taking all relevant factors into consideration, the district court must base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture. Hagestad, 49 F.3d at 1434.

**III. DISCUSSION**

Plaintiff argues that if this entire case is not placed under seal, a gang member at the prison could gain access to his case documents at the Bureau of Prisons or on the electronic database, find a gang member's name or discover that Plaintiff requested protective custody and, based on this information, tell others that Plaintiff was working for the government, resulting in threats to Plaintiff's life. Such speculation, without more facts, is not good cause to deny public access to documents. This court is faced with similar cases on a daily basis which are maintained on the public record. The court has already made a review of Plaintiff's case documents for information of a nature that clearly would

---

[1] LexisNexis is a popular searchable archive of content from newspapers, magazines, legal documents and other printed sources. Wikipedia, http://en.wikipedia.org/wiki/Lexus_nexis (last visited March 25, 2009).

1  require the court to maintain confidentiality, and as a result of this review, one of Plaintiff's documents

2  was placed under seal.  Plaintiff has not given a compelling reason in his renewed motion for the court

3  to seal this entire case.

4  **IV.  CONCLUSION**

5      Based on the foregoing, IT IS HEREBY ORDERED that Plaintiff's renewed motion to seal this

6  case, filed on April 24, 2009, is DENIED.

7

8      IT IS SO ORDERED.

9  **Dated:    February 12, 2010**                    **/s/ Gary S. Austin**
                                                                UNITED STATES MAGISTRATE JUDGE
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28